IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT E. MARTINEZ,** | : CIVIL ACTION NO. 1:20-CV-1759 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **JASON BERFIELD,** *et al.*, | : |
| **Defendants** | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Albert E. Martinez, alleges that prison officials in Camp Hill State Correctional Institution ("SCI-Camp Hill") violated his civil rights during a five-day period when he was held in an observation cell in January 2019 and that he was subjected to retaliation in the months that followed. The case is currently before the court on plaintiff's motion to compel discovery, defendants' motion for summary judgment, and plaintiff's motion to stay summary judgment proceedings pending the resolution of the motion to compel discovery. The motion to compel discovery will be granted in part and denied in part, new deadlines for fact discovery and dispositive motions will be imposed, the motion for summary judgment will be denied without prejudice to defendants' right to file a renewed motion for summary judgment after the close of discovery, and the motion to stay summary judgment proceedings will be denied as moot.

I.      **Background & Procedural History**

Martinez filed this case pro se on September 6, 2020, and the court received and docketed his complaint on September 25, 2020. (Doc. 1). Defendants answered the complaint on February 11, 2021. (Doc. 15). On March 16, 2021, Attorney Christopher Markos entered an appearance on Martinez's behalf. (Doc. 16).

On March 21, 2022, Attorney Markos filed an unopposed motion to withdraw as counsel for Martinez. (Doc. 31). The court granted the motion on March 22, 2022, stayed the case until May 23, 2022, to allow Martinez to find new counsel, and vacated all case management deadlines until the stay was lifted. (Doc. 32). The court lifted the stay on September 8, 2022, and imposed new case management deadlines. (Doc. 39). Martinez proceeded pro se.

On February 16, 2023, Martinez filed a motion to compel discovery, seeking a court order compelling defendants to produce documents that he requested on September 7, 2022, December 3, 2022, and December 21, 2022. (See Docs. 48-49). In the motion, Martinez sought production of "[a]ny and all grievances, complaints, lawsuits, or other documents received by the defendants or their agents at SCI-Camp Hill concerning mistreatment of inmates by defendants Berfield, Evans, or Does, and any memoranda, investigative files or other documents created in response to such documents, since the defendants were employed at SCI-Camp Hill." (See Doc. 49 at 2). The court granted the motion in part and denied it in part, finding that defendants had waived objections to Martinez's discovery requests by failing to respond to the requests, but denying the motion to the extent that it sought grievances, complaints, lawsuits, or other documents pertaining to Berfield,

2

Evans, and the John Doe defendants because there was no record of plaintiff having requested those documents in his discovery requests. (Doc. 50).

Martinez filed the instant motion to compel discovery on June 5, 2023. (Doc. 58). He requests production of (1) "any and all grievances, complaints, lawsuits, or other documents received by the defendants or their agents at SCI-Camp Hill concerning mistreatment of inmates by defendants Berfield, Evans, or Does and any memoranda, investigative files or other documents created in response to such documents since the defendants were employed at SCI-Camp Hill"; (2) a copy of the DOC's employee code of ethics that has been in effect from January 17, 2019 to the present; and (3) relevant video footage from January 17, 2019 to January 22, 2023. (Id. at 1-3). Martinez additionally seeks sanctions against defendants for their failure to produce the relevant discovery without court intervention. (Id. at 3-4). Defendants opposed the motion on July 7, 2023. (Doc. 62).

The deadline for fact discovery expired on May 31, 2023. (Doc. 50 at 3). Following the close of discovery, defendants filed a motion for summary judgment on July 31, 2023. (Doc. 66). The court subsequently granted defendants' motion for extension of time and extended the deadline for defendants to file a brief and a statement of material facts in support of the motion for summary judgment to September 13, 2023. (Doc. 72). Before those documents were filed, however, Martinez moved to stay summary judgment proceedings on September 1, 2023, seeking to stay all summary judgment proceedings until the motion to compel discovery was resolved. (Doc. 74). In light of Martinez's motion to stay summary judgment proceedings, neither party has filed any briefs in connection with the

3

motion for summary judgment. Both the motion to compel discovery and the motion to stay summary judgment proceedings are now ripe for resolution.

## II. Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery,

4

or the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

## III. Discussion

We will consider Martinez's three discovery requests *seriatim*. Martinez first requests "any and all grievances, complaints, lawsuits, or other documents received by the defendants or their agents at SCI-Camp Hill concerning mistreatment of inmates by defendants Berfield, Evans, or Does and any memoranda, investigative files or other documents created in response to such documents since the defendants were employed at SCI-Camp Hill." (Doc. 58 at 1). Martinez previously sought production of these documents in his February 16, 2023 motion to compel discovery but the court denied the motion with respect to those documents, finding that there was "no record of any such request being sent to defendants in the exhibits attached to plaintiff's motion." (Doc. 50 at 2). In the instant motion to compel discovery, Martinez represents that he did request the documents prior to his February 16, 2023 motion, but that he "mistakenly failed to make a copy of the request that he could provide to the court." (Doc. 58 at 1). To rectify that mistake, Martinez states that he sent renewed discovery requests for the documents on April 10, 2023, May 2, 2023, and May 15, 2023. (Id.)

Defendants have refused to provide the requested documents in response to Martinez's three most recent discovery requests, citing the court's denial of the February 16, 2023 motion to compel discovery as a basis for withholding the discovery. (Doc. 58-4). Defendants reiterate that argument in their brief in opposition to the instant motion to compel discovery, noting that the motion "is

5

claiming that Defendants refused to provide discovery" but that the requested discovery "has already been explicitly disallowed by the Court." (Doc. 62 at 3).

Defendants misconstrue our previous order. Nothing in the order "explicitly disallowed" the discovery request that Martinez now advances; the order simply stated that production of the requested documents would not be compelled because there was "no record of any such request being sent to defendants in the exhibits attached to plaintiff's motion." (Doc. 50 at 2). We did not rule on the propriety of Martinez's discovery request. The order denied the motion to compel discovery on procedural grounds because it appeared that Martinez had not requested the discovery in the manner prescribed by the Federal Rules of Civil Procedure. Because the motion was procedurally improper, the issue of whether the motion sought permissible discovery materials was not before the court. Hence, our previous order is not an appropriate basis for defendants to withhold production of these documents in response to Martinez's April 10, 2023, May 2, 2023, and May 15, 2023 discovery requests. And because defendants have not advanced any other objections to this discovery request, the court will grant the motion to compel with respect to this category of documents.

Martinez next requests a copy of the DOC's employee code of ethics that has been in in effect from January 17, 2019 to the present. (Doc. 58 at 2). Defendants did not produce the code of ethics because it is a public document that Martinez may access on his own using the internet or by requesting a copy from his unit manager in SCI-Huntingdon. (Id.) Martinez states, however, that he has been unable to access the internet during his allotted library time and that his unit

6

manager has not cooperated with his requests to see the code of ethics. (Id.) Defendants reiterate in their opposition to the motion to compel discovery that they have not provided the document because it is a public document that is readily accessible to Martinez. (Doc. 62 at 4). Defendants state, however, that "if plaintiff is truly unable to view this document through the normal procedure, this document could be provided." (Id.) In light of this statement from defendants, the court will direct defendants to produce a copy of the code of ethics to Martinez in the interest of judicial economy.

Martinez's third request seeks video footage from January 17, 2019 to January 22, 2023. (Doc. 58 at 2). Defendants' counsel responds that he sought to timely produce the relevant video footage to Martinez but that technical difficulties prevented him from doing so. (Doc. 62 at 4). The court subsequently directed defendants' counsel to file a status report indicating whether the video evidence was produced to plaintiff. (Doc. 79). Counsel responds that the videos have been provided to the prison in which plaintiff is incarcerated with instructions to prison officials to "allow Plaintiff to view the videos to his satisfaction." (Doc. 80 at 2). Counsel represents that this may take a "significant length of time" given the volume of video evidence produced. (Id.) Given counsel's representation that the requested video evidence has been produced to Martinez, we will deny the motion to compel discovery with respect to the video evidence without prejudice to Martinez's right to file a renewed motion to compel discovery of the video evidence if future proceedings indicate the need for such motion.

We will also deny Martinez's request to sanction defendants for their failure to produce the documents at issue in his motion to compel discovery. Defendants had an arguable basis for withholding the discovery sought in plaintiff's first request given that the court had previously denied a motion to compel discovery with respect to those documents. Similarly, defendants had an arguable basis to not produce the code of ethics because it is a publicly available document. Finally, the record reflects that defendants have produced relevant video footage to plaintiff. Under these circumstances, the court finds that defendants did not act in bad faith in withholding discovery from Martinez.

Finally, because we are granting Martinez's motion to compel discovery in part and ordering defendants to produce discovery to Martinez, we will impose new deadlines for fact discovery and dispositive motions and deny defendants' currently pending motion for summary judgment without prejudice to defendants' right to file a renewed motion for summary judgment after the close of fact discovery. Martinez's motion to stay summary judgment proceedings will be denied as moot.

## IV.   Conclusion

We will grant in part and deny in part Martinez's motion to compel discovery, deny Martinez's motion for sanctions, impose new deadlines for fact discovery and dispositive motions, deny defendants' motion for summary judgment without

9

prejudice, and deny Martinez's motion to stay summary judgment proceedings as moot. An appropriate order shall issue.

> /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner
> United States District Judge
> Middle District of Pennsylvania

Dated:   November 1, 2023