**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALBERT E. MARTINEZ,** | **:** | |
| **Plaintiff** | **:** | **CIV. ACTION NO. 1:20-CV-1759** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **JASON BERFIELD, *et al.*,** | **:** | |
| **Defendants** | **:** | |

## MEMORANDUM

This is a prisoner civil rights case that is scheduled for a jury trial on July 20, 2026. Before the court are two motions in limine filed by defendants. For the reason that follow, the first motion will be granted in part and denied without prejudice in part, and the second motion will be denied without prejudice.

## I. BACKGROUND

Plaintiff, Albert E. Martinez, was incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") at all relevant times. He filed this case on September 25, 2020, alleging violations of his First, Fourth, Eighth, and Fourteenth Amendment rights during and after a five-day period when he was placed in a "dry cell" based on suspicions that he was in possession

of contraband.[1] (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner.

On September 26, 2024, Judge Conner granted defendants' motion for summary judgment as to all claims and defendants except for Martinez's Eighth Amendment claim against defendants Berfield and Evans, holding that there were genuine issues of material fact on both whether Martinez exhausted administrative remedies for the claim and the merits of the claim. (Docs. 103-04). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

This court conducted an evidentiary hearing to determine whether plaintiff exhausted administrative remedies in April 2025. After receiving supplemental briefing from the parties, the court ruled in Martinez's favor on the issue of exhaustion and scheduled the case for trial. (Docs. 130-31). The trial is scheduled to begin on July 20, 2026. (Doc. 134).

---

[1] "A 'dry cell' is a cell that lacks water—all standing water has been drained from the toilet, the room's water supply has been shut off, and the sink and toilet have been capped to prevent inmate access. An inmate may be placed in a dry cell when prison staff have observed the inmate attempt to ingest an item of contraband or they learn that the inmate is attempting to introduce contraband into the prison. Dry cells are used to closely observe the inmate until natural processes allow for the ingested contraband to be retrieved." *Thomas v. Tice*, 948 F.3d 133, 137 (3d Cir. 2020).

Defendants filed the instant motions in limine on June 22, 2026. (Docs. 147, 149). Defendants' first motion seeks to preclude Martinez from introducing causation evidence during trial. (Docs. 147-48). Defendants' second motion seeks to preclude testimony and evidence related to claims that have been dismissed from the case. (Docs. 149-50). Martinez has not responded to either motion, and the motions are accordingly ripe for the court's consideration.

## II.    STANDARD OF REVIEW

A motion in limine seeks a pretrial ruling on the admissibility of evidence in order to narrow the evidentiary issues during trial and prevent the jury from seeing improper evidence. *Onderko v. LM Gen. Ins. Co.*, 567 F. Supp. 3d 495, 499 (M.D. Pa. 2021). Evidence is generally admissible if it is relevant, meaning "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence may be precluded from trial if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme

measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).

## III.    DISCUSSION

Defendants' first motion in limine seeks to preclude from trial any testimony that diagnosed injuries or physical or mental conditions were caused by defendants' actions. (Doc. 148 at 4). Defendants argue that expert testimony would be necessary to establish such a causal connection, and note that plaintiff has not produced an expert report or otherwise indicated an intention to produce expert testimony during the trial. (*Id.*)

The court will grant this motion in part and deny it in part. A lay witness may only offer opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Opinion testimony based on the witness's scientific, technical, or other specialized knowledge may only be given if the witness has been qualified as an expert witness under Federal Rule of Evidence 702.

Here, Martinez cannot testify that any formal medical diagnoses were caused by defendants' actions, because such testimony would require expert testimony. To the extent, however, that Martinez testifies about his

injuries in a manner that is rationally based on his own perception of his physical condition at the relevant time, such testimony is admissible.[2] *See, e.g., In re Bayside Prison Litig.*, 341 F. App'x 790, 793 (3d Cir. 2009) (holding that prisoner plaintiff could testify to his own perception of injuries he suffered as a result of alleged assault); *Hall v. Berdanier*, No. 1:09-CV-1016, 2013 WL 818603, at *3 (M.D. Pa. Mar. 5, 2013) (same). The court will accordingly grant this motion in part and deny it in part.

Defendants' second motion seeks to preclude from trial any evidence or testimony related to dismissed claims. The court will defer ruling on this motion until trial. The court simply cannot determine whether admission of evidence related to dismissed claims is proper until one of the parties has attempted to introduce the evidence and the court can address any questions of foundation, relevance, and potential prejudice on a developed trial record. *See Paoli*, 916 F.2d at 859 ("[P]retrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." (internal emphasis omitted)).

---

[2] Defendants acknowledge that this form of lay opinion testimony would be admissible. (Doc. 148 at 4 ("[I]t is not disputed that Plaintiff may testify to the conditions of his body as he perceived them. . .").

## IV.   CONCLUSION

For the foregoing reasons, defendants' first motion in limine is granted in part and denied in part, and defendants' second motion in limine is denied without prejudice. An appropriate order follows.


*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**


**Dated: July 6, 2026**
20-1759-02

6